## MAXWELL v. PALMER.

1. **Tax Sale and Deed**: WHO MAY NOT QUESTION. Plaintiff sought to set aside as void certain tax deeds, on the ground that the notice of the expiration of the time for redemption had not been given; but, conceding that he was the owner of the land at the time of the sale, and was, so far as that point is concerned, entitled to question the validity of the deeds, yet, as he had not, as such owner, paid the subsequent taxes on the land, which the holder of the deeds had not paid, he was, on that account, disentitled to question the validity of the tax deeds, under § 897 of the Code; (*Adams v. Snow*, 65 Iowa, 435, distinguished;) and that an *offer* to pay such taxes upon his right to redeem being established was not sufficient. *Also*, that the provision is for the benefit of the state, and that the objection might be raised by the holder of the tax titles, though he was not prejudiced by the non-payment of the taxes.

*Appeal from Wright District Court.*

TUESDAY, DECEMBER 20.

ACTION in chancery to set aside tax deeds and to enforce the right to redeem from tax sales. There was a decree dismissing plaintiff's petition and quieting the title in defendant as prayed for in his cross-bill. Plaintiff appeals.

*N. F. Weber, J. A. Rogers* and *R. H. Whipple,* for appellant.

*Nagle & Birdsall,* for appellee.

BECK, J.—I. Plaintiff seeks the relief prayed for in his petition, on the ground that the notice of the expiration of the time of redemption required by law was not given. Upon this fact he bases his claim that the tax deeds are void, and that he has the right to redeem from the taxes, which he offers to do in his petition. We need not inquire whether there was such a failure to give notice as will avoid the deeds, for the reason, as we shall point out, that plaintiff is not in a position to question the validity of the tax deeds.

II. The record shows that plaintiff, who entered the land at the United States land-office in 1858, received a duplicate

receipt in due form from the register, and in 1860 a patent was issued. In 1867 he executed an assignment upon, or on a paper attached to, the duplicate receipt, assigning the same, "and the warrant, [the entry being made upon a land warrant,] and the land therein described," to one Cory. This instrument was, on the day of the execution, acknowledged, and was recorded in the proper county in 1873. The land was sold for taxes of 1876 and 1877, in 1877 and 1878, respectively. The tax deeds were executed in 1881. The taxes for the year 1883 have not been paid to the county treasurer. We may assume, for the purposes of the case, that notice of redemption was duly given before the tax deeds were executed. This, however, is denied by defendants.

Code, § 897, provides that "no person shall be permitted to question the title acquired by a treasurer's deed, without first showing that he, or the persons under whom he claims title, had title to the property at the time of the sale, * * * and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid." Defendant insists that the assignment of the duplicate receipt divested plaintiff of the title, and vested it in Cory, and therefore, as plaintiff under this statute does not hold the title, he cannot redeem. It cannot be claimed that Cory holds the legal title, unless it be held that the assignment is sufficient as a conveyance. If it have that effect, then was plaintiff divested of the title, and Cory vested with it? If such be the effect of the assignment, plaintiff cannot redeem. If plaintiff holds the legal title of the land in trust for Cory, it may be that the provision of the statute just quoted authorizes him, as a trustee holding such title, to redeem. The questions here suggested we do not determine, for the reasons that we have not wholly agreed in our conclusions thereon, and their decision is not necessary, as we determine the case on another point.

III. If plaintiff be not the holder of the title of the land, as contemplated by the statute above cited, he cannot redeem.

If he be such holder, he cannot redeem, for the reason that he has failed to pay the taxes for 1883, as required by the statute to which we have just referred. The purpose of this provision is to enforce the payment of taxes, and to stimulate land-owners to discharge the duty imposed on all citizens to pay taxes levied upon their lands. The statute was not enacted to protect holders of tax-titles, but to enforce public policy, which demands the payment of taxes by all who contribute by taxation to the revenue of the state. The requirement is just. No citizen ought to have the aid of the courts of the state to enforce his rights to land who refuses or neglects to pay the taxes levied thereon for the support of the government of the state.

IV. But it is now said that plaintiff in his petition *offers* to pay the taxes, *if it be* determined that he is entitled to redeem. As we have seen, he cannot redeem unless he holds the title. He asks the relief on the very ground that he does hold it. Yet, while averring that he holds it, and thereon basing his right to redeem, he refuses to discharge the duty of a land-owner by payment of taxes. He proposes to discharge this duty in the future upon the contingency that the courts find him to be the owner of the land. The law does not provide that he may so bargain with the state.

V. Counsel for plaintiff insists that, as defendant is not prejudiced by the non-payment of the taxes, he can ground no objection upon plaintiff's failure to pay them. But, as we have seen, the requirement is not for defendant's benefit or protection, but rather for the enforcement of the rights of the state to collect its revenue.

VI. Counsel also contend that, as the treasurer's deeds were unlawfully issued without notice of the expiration of the time for redemption, they are void, and therefore plaintiff is not required, under Code, § 897, to pay the taxes due the state before he can maintain his action to redeem from the purchaser at the tax sale. But the section forbids him

to question the tax deed if he has failed to pay taxes on the land, and raises a bar to his right to maintain the action in order to determine the invalidity of the deed. *Adams v. Snow*, 65 Iowa, 435, cited by counsel, does not sustain their position. It holds that this provision is not applicable to taxes paid by the holder of the tax deed, either by the purchase of the land or by subsequent payments, and that, in case the tax deed is void, the owner of the land contesting the tax title and claiming the right to redeem is not required to tender to the holder of the tax deed the sum required to redeem.

We reach the conclusion that plaintiff fails to show that he is entitled to redeem from the tax sale. The judgment of the district court is                                     Affirmed.