JOSEPH W. THOMAS, APPELLANT, V. FARMERS LOAN &
TRUST COMPANY ET AL., APPELLEES.

FILED MAY 3, 1906. No. 14,281.

**Tax Title:** SETTING ASIDE. A party who seeks the aid of the court to contest and invalidate the claim of one claiming title and possession of land under a sale for delinquent taxes must show that all taxes justly thereon have been paid either by himself or the party through whom he claims.

APPEAL from the district court for Knox county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Joel W. West,* for appellant.

*W. L. Henderson, E. A. Houston* and *M. J. Sweeley,* contra.

DUFFIE, C.

In April, 1896, one James F. Toy, acting for the Farmers Loan & Trust Company, obtained a tax deed to a quarter section of land in Knox county, the title to which is involved in this action. Afterwards, in 1901, the Farmers Loan & Trust Company contracted to sell the land to the defendant Nellis, who paid $175 of the agreed consideration, took possession of the land and was in possession at the date of the commencement of this action. Plaintiff and appellant, claiming to be the owner of the patent title, brought this action to quiet his title, to set aside the treasurer's deed and the contract of sale to Nellis, and also a quitclaim deed made by a former owner of the land after he had conveyed by warranty deed to the plaintiff's immediate grantor, but which deed of warranty was not of record when the quitclaim deed was made.

Several questions are raised by the parties, but we think that the decree of the district court dismissing the plaintiff's petition must be affirmed, for the reason that when

the action was commenced there were two or three years' unpaid taxes standing against the land. Section 221, art. I, ch. 77, Comp. St. 1905, provides: "In all controversies and suits involving the title to real property claimed and held under and by virtue of a deed made substantially as aforesaid by the treasurer the person claiming the title adverse to the title conveyed by such deed shall be required to prove  *  *  *  that all taxes due upon the property had been paid by such person or the persons under whom he claims title as aforesaid." This section was adopted from the Iowa statute, and in *Maxwell v. Palmer*, 73 Ia. 595, the supreme court, in construing it, held that the purpose of the provision that no person shall gain the title acquired by a treasurer's deed, without showing that all taxes upon the property have been paid by him or the person under whom he claims, is to enforce the payment of taxes and stimulate landowners to discharge the duty imposed on all citizens to pay taxes levied upon their lands. It is not sufficient in the petition attacking a tax title to offer to pay taxes if plaintiff is found to be entitled to redeem. The purpose of the statute is beneficial to the public interest. It recognizes the equity of requiring a party who seeks the aid of the courts of the state to reclaim his land sold in consequence of his failure to pay his share of the public burden, to discharge all unpaid taxes standing against the land as a condition precedent to invoking the assistance of the court. It is true that the tax deed in the case at bar is void for want of a seal, but the party claiming title through it was in possession, and the deed gave him color of title which would ripen into a perfect title if not dispossessed for ten years. It cannot be said, therefore, that the treasurer's deed was ineffectual for all purposes, and before the party in possession under it can be disturbed the conditions of the statute should be complied with. We recommend an affirmance of the judgment of the district court.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.