GEORGE W. MYERS, APPELLEE, V. MICHAEL P. MUSSER,
APPELLANT.

FILED MAY 4, 1914.   No. 17,611.

Tax Sale: SUIT TO REDEEM: PAYMENT OF TAXES.  Where, in a suit in
equity to redeem land from a tax sale, the petition fails to allege
payment of taxes for the year preceding the commencement of the
suit, but subsequently an amended petition is filed which alleges
the payment of such taxes, the laches of plaintiff in paying the same
will not defeat his action.

APPEAL from the district court for Sheridan county:
WILLIAM H. WESTOVER, JUDGE.  Affirmed.

John J. Sullivan, for appellant.

J. H. Edmunds, contra.

FAWCETT, J.

Plaintiff brought suit in the district court for Sheridan
county, to redeem certain real estate in that county from
a treasurer's tax sale.  The action was commenced on No-
vember 15, 1910.  At that time the taxes for the year 1910
had not been paid by plaintiff, or by any one for him.  On
April 5, 1911, defendant filed a general demurrer based
upon the proposition that the petition did not allege that
all taxes due upon the property had been paid by plaintiff
or by the persons under whom he claims title, "on Novem-
ber 15, 1910, the time when this action was commenced."
On June 3, 1911, plaintiff filed an amended petition, which
sets out numerous grounds, assailing the validity of the
tax sale and the tax deed issued thereunder, and also al-
leges that on the 1st day of May, 1911, plaintiff paid the
taxes and assessments against the land for the year 1910.
(The original petition is not in the transcript.)  Nothing
further appears to have been done in the case until April
9, 1912, when the demurrer was considered by the court as
a demurrer to the amended petition.  The demurrer was

overruled, and defendant, refusing to plead further, was adjudged in default, and a decree entered in favor of the plaintiff, as prayed in his petition. From this decree defendant appeals.

Defendant in his brief says: "The only question raised by the demurrer and the only question presented to this court for decision is whether an action could be instituted by the plaintiff without prepayment of the taxes for 1910. * * * Conceding the truth of every fact alleged in the petition, as is done by the demurrer, it stands conceded upon the record that the taxes which were due November 1st, 1910, were not paid until May 1st, 1911." In his brief counsel for defendant cites *Thomas v. Farmers Loan & Trust Co.*, 76 Neb. 568. In that case there were two or three years' taxes unpaid, and no pleading ever filed in the case showing their payment. The case is not an authority here. Counsel also cites *Maxwell v. Palmer*, 73 Ia. 595. It is claimed, and we concede, that that decision was rendered upon a statute similar to ours, but in that case plaintiff failed to pay the taxes for a preceding year, and contented himself by offering, in his petition, "to pay the taxes, if it be determined that he is entitled to redeem." That case is not an authority here. Thirteen years later, in May, 1910, in *Hintrager v. McElhinny*, 112 Ia. 325, the supreme court of Iowa held: "Where, in an action to redeem land from a tax sale, the taxes for the year preceding the commencement of the action were not paid at the time of the commencement of the action, but were paid at the time of the filing of the amended complaint, in which it is claimed that no valid notice of the expiration of the period for redemption was served prior to the issuance of the treasurer's deed, the laches of plaintiff in paying the taxes will not defeat his action." That decision is squarely in point in this case, and its soundness so meets our approval that, without further discussion, we accept the holding of the court of defendant's own choosing, and hold that, the amended petition in the case at bar having alleged the payment of the tax for the preceding year,

plaintiff's laches in paying the same cannot be held to defeat his action.

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.