R. C. ROPER, APPELLANT, V. A. L. MILBOURN, APPELLEE.

FILED JUNE 16, 1913.   No. 17,224.

1. **Vendor and Purchaser:** TRANSFER OF OPTION. A contract granting an option to purchase a tract of land, and binding the owner to convey on stated terms, does not, before acceptance by the option-holder, vest in him an estate or interest in the land; but since he has such control of the title that by performance he may compel a conveyance, and secure the land to himself, he may, before the option expires, lawfully make sale of it to a third party.

2. ———: BREACH OF CONTRACT: DAMAGES. In an action for a breach of contract for the sale of real estate, a vendor may recover of the vendee the damages fairly within the contemplation of the parties at the time they made their contract.

3. **Damages:** PROFITS. Profits which are in the contemplation of the parties and certain of ascertainment may be recovered.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*W. D. Oldham, George C. Gillan* and *R. C. Roper,* for appellant.

*H. M. Sinclair* and *W. A. Stewart, contra.*

BARNES, J.

This case is before us on the ruling of the district court for Dawson county sustaining a demurrer to plaintiff's

petition. The petition alleged, in substance, that on the 31st day of August, 1909, for a valuable consideration, plaintiff became the owner of an optional contract of purchase for the following described real estate, to wit: Section 1, section 11, and the southeast quarter of section 2, of township 12, range 45; and the south half of the southwest quarter of section 23, township 13, range 44, and the southwest quarter of section 6, township 12, range 44, all in Deuel county, Nebraska, consisting of 1,620 acres; 1,000 acres thereof lying on the south and west of the right of way of the Union Pacific railway, and 620 acres lying on the northeast of said right of way; that on or about the 13th day of September, 1909, defendant came to plaintiff and offered him the sum of $30 an acre for all that part of the said tract of land, consisting of 1,000 acres, lying south and west of the said railroad right of way; that plaintiff accepted said offer, and entered into a contract whereby he agreed to convey said premises to the defendant; that by the terms of the contract defendant agreed to pay plaintiff the sum of $200 in cash, which was paid, and promised and agreed to pay the further sum of $3,800 at once on the plaintiff's furnishing to the defendant an abstract showing clear title, and such further sum on the 1st day of March, 1910, as together with said sums of $200 and $3,800 would equal one-third of the total purchase price thereof, amounting to the sum of $6,000, and defendant agreed to pay the balance of the purchase price in five annual payments, the same to draw interest at 6 per cent. per annum; that at the time defendant entered into the contract he was well aware, and informed, of all of the terms and conditions contained in the option contract existing between the plaintiff and one John Naslund for the purchase of the 1,620 acres of land described; that, in pursuance of the understanding and agreement, plaintiff proceeded at once to complete, perform and carry out the terms of his contract with the said John Naslund; that he paid $1,000 to said Naslund to apply upon the purchase price of the land above mentioned

and but for the promise and agreement of the defendant he would not have so paid the same; that on or about the 13th day of September, 1909, plaintiff sent to defendant an abstract of title to the said premises, requesting that defendant examine and cause his attorneys to examine the same, and point out any corrections that might be necessary to be made therein; that defendant kept the said abstract until about the 11th day of December, 1909, and made no objections thereto; that plaintiff demanded of the defendant the payment of the said sum of $3,800, balance of the first payment, according to the terms of his contract, but that defendant failed and neglected to pay the same; that on the 15th day of February, 1910, plaintiff mailed to the defendant, at Overton, Nebraska, a registered letter containing the abstracts of title to the land purchased by the defendant of the plaintiff, which had been brought down to that date, and showed the right of the plaintiff to sell and convey said premises to the defendant upon the payment of the purchase money by the defendant, as agreed in his contract; that defendant never made any objections whatever to the sufficiency of said abstract, nor to the title therein represented, but, on the contrary, stated that the said abstracts were sufficient under the terms of the contract with the defendant, and that he had no objections to make thereto.

It was further alleged that the original tract of land, for which plaintiff obtained said option contract, consisted of 1,620 acres, exclusive of the right of way of the railroad; that according to the terms of said option contract, all of which were fully known to the defendant, both before and after the signing of the contract between the plaintiff and the defendant, the plaintiff agreed to pay the sum of $19 an acre, or $30,780; that after selling to defendant said 1,000 acres, plaintiff still had left 620 acres lying on the opposite side of said railroad right of way; that, if defendant had not defaulted in his contract with plaintiff, said 620 acres of land would have cost plaintiff only the sum of $780; that said 620 acres of

land on the 1st day of March, 1910, was reasonably worth, at its fair market value, the sum of $12 an acre, or $7,440; that the profits which plaintiff would have derived from the contract made with defendant, had he not defaulted therein, would have been the sum of $7,440, less the sum of $780, or the sum of $6,660; that the defendant, when he entered into the contract with the plaintiff, was fully aware of the profit which plaintiff would make from the contract with the defendant, and from the sale of the 1,000 acres, as aforesaid, in event of defendant's performance thereof; that by reason of the default, breach and refusal to perform his contract as aforesaid, the plaintiff was damaged in the sum of $6,660; that by reason of the default, failure, neglect and refusal of the defendant to perform and carry out his contract with the plaintiff, plaintiff was further damaged in the sum of $1,500, no part of which has ever been paid by the defendant; that in pursuance of said contract with defendant, and in preparation to perform the same, and with the knowledge and consent of defendant, plaintiff was compelled to, and did, incur considerable expense, and to that end employed help and assistance to try and get other parties to assist plaintiff in swinging the deal with the said John Naslund, and to assist plaintiff in carrying out his contract aforesaid; that plaintiff hired and employed one S. J. Hyatt for that purpose, and was compelled to pay him, the said Hyatt, for his services, and did pay him therefor, the sum of $345, no part of which has been paid to him by the defendant.

It was further alleged that on February 27, 1910, the defendant notified plaintiff by telephone that he had decided to perform and complete his contract in accordance with the terms thereof; that he desired plaintiff to be ready to perform his part of the agreement, and plaintiff thereupon agreed to meet defendant at Chappell, Nebraska, for the purpose of completing and performing their said contract, and plaintiff notified defendant that he would be there, ready, willing and able to perform his

part of the agreement; that plaintiff went to Chappell, Nebraska, and was there on the 1st day of March, 1910, and until 12:15 o'clock P. M. of the 2d day of March, 1910, ready, able and willing to perform his contract with the defendant; that he had with him at Chappell, at the Commercial National Bank, the place agreed upon for the exchange of papers, all of the necessary deeds, mortgages, contracts and other papers duly prepared and executed and acknowledged, ready to be delivered to defendant in accordance with the terms of the contract; that the said John Naslund and Annie C. Naslund, his wife, were there present at Chappell, Nebraska, with all deeds and necessary papers prepared and executed, ready, able and willing to perform their contract with the plaintiff, and deliver to plaintiff conveyances sufficient to enable him in turn to convey a good and sufficient title to the defendant upon the payment by him of the amount due upon his contract with the plaintiff. Plaintiff then alleged certain special matters of damages, and concluded his petition with a prayer for judgment for $9,755 damages, which he alleged he had sustained by failure of the defendant to perform his contract.

To the petition the defendant filed a general demurrer, which was sustained, and the plaintiff refusing to further plead, and standing upon his petition, his action was dismissed.

It is contended that the district court erred in sustaining the demurrer to the plaintiff's petition and dismissing the action. It was alleged in the petition that the plaintiff was ready, able and willing to perform his contract on his part. On the other hand, it is claimed that the plaintiff had nothing but an option on the land in question, and therefore had nothing which he could convey. It was alleged in the petition, however, that plaintiff was ready, willing and able to convey the premises to the defendant on the 1st day of March, 1910, and this allegation stands admitted by the demurrer.

In *Krhut v. Phares,* 80 Kan. 515, it was held: "A con-

tract granting an option to purchase a tract of land and binding the owner to convey on stated terms does not, before acceptance by the option-holders, vest in them any estate or interest in the land; but since they have such control of the title that by performance they can compel a conveyance, and so secure the land to themselves, they may, before the option expires, lawfully make a sale of it to a third party." This rule is concisely stated in 39 Cyc. 1213, 1983; 29 Am. & Eng. Ency. Law (2d ed.) 608; *Hollifield v. Landrum,* 31 Tex. Civ. App. 187; *Easton v. Montgomery,* 90 Cal. 307; *McNeny v. Campbell,* 81 Neb. 754; *Beck v. Staats,* 80 Neb. 482.

It must be observed that in the case at bar the defend-ant had knowledge of the terms and conditions of the plaintiff's option, and it is alleged in the petition that defendant understood the fact to be that it was necessary for him to make the first payment in order to enable the plaintiff to secure his option and convey the land in ques-tion to the defendant according to his contract. In such a case the plaintiff may recover the damages that are fairly within the contemplation of the parties at the time the contract was entered into. *Pillsbury v. Alexander,* 40 Neb. 242; *Canfield v. Tillotson,* 25 Neb. 857; *Weitzel v. Leyson,* 23 S. Dak. 367; 29 Am. & Eng. Ency Law (2d ed.) 609. Our court has frequently recognized the rule permitting the recovery of special damages which are contemplated by the contract. *Wittenberg v. Mollyneaux,* 55 Neb. 429; *Western Union Telegraph Co. v. Wilhelm,* 48 Neb. 910; *Hale v. Hess & Co.,* 30 Neb. 42; *Schrandt v. Young,* 2 Neb. (Unof.) 546; *Kitchen Bros. Hotel Co. v. Philbin,* 2 Neb. (Unof.) 340; *Seaver v. Hall,* 50 Neb. 878; *Beck v. Staats, supra.* The general rule, subject to quali-fications hereinafter noted, for the measurement of dam-ages sustained from the breach of the contract limits a party to such damages as arise out of a contract which has been broken, and which follow in the natural course of events from the breach itself, or which were within the contemplation of the parties when making the contract in

question. 13 Cyc. 32; 8 Am. & Eng. Ency. Law (2d ed.) 588; *Hadley v. Baxendale,* 9 Exc. (Eng.) 341, 354; *Griffin v. Colver,* 16 N. Y. 489.

The amended petition brings the case squarely within the above rule. The profits which are in the contemplation of the parties at the time the contract is made may be recovered. 13 Cyc. 36; *Howard v. Stillwell & Bierce Mfg. Co.,* 139 U. S. 199; Mayne, Damages (8th ed.) 12; *Guetzkow v. Andrews & Co.,* 92 Wis. 214; *Allis v. Mc-Lean,* 48 Mich. 428; *Carlson v. Stone-Ordean-Wells Co.,* 40 Mont. 434, 107 Pac. 419; *Emerson v. Pacific Coast & Norway Packing Co.,* 96 Minn. 1; *Wilson v. Wernwag,* 217 Pa. St. 82.

The petition alleged sufficient facts, if true, to constitute a cause of action; and the demurrer admits the truth of all matters well pleaded in the petition. It follows that the judgment of the district court should be, and is, reversed, and the cause is remanded for further proceedings.

REVERSED.

LETTON, ROSE and HAMER, JJ., not sitting.