R. C. ROPER, APPELLANT, v. A. L. MILBOURN, APPELLEE.

FILED JUNE 5, 1915. No. 19018.

1. **Vendor and Purchaser:** BREACH OF CONTRACT: DAMAGES. "In an action for a breach of contract for the sale of real estate, a vendor may recover of the vendee the damages fairly within the contemplation of the parties at the time they made their contract." *Roper v. Milbourn*, 93 Neb. 809.

2. **Damages:** LOSS OF PROFITS. "Profits which are in the contemplation of the parties and certain of ascertainment may be recovered." *Roper v. Milbourn*, 93 Neb. 809.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Reversed.*

*W. D. Oldham, George C. Gillan* and *R. C. Roper,* for appellant.

*H. M. Sinclair, W. A. Stewart* and *Brown, Baxter & Van Dusen,* contra.

ROSE, J.

This is an action to recover $9,755 and interest for breach of a written agreement by defendant to purchase from plaintiff 970.73 acres of land in Deuel county at $30 an acre. In answering the petition defendant admits the making of the contract, and alleges failure of performance on the part of plaintiff. Otherwise the answer is a general denial. From judgment on a verdict in favor of plaintiff for $1,067.55, he has appealed, insisting that the evidence demands a recovery of $9,593.94.

This is the second appeal. The case was first submitted to the trial court upon a demurrer to the petition. A dismissal of the action followed, but the petition was sustained here and the cause was remanded for a trial on the merits. The facts on which the action is based are stated in the former opinion and will not be repeated in detail. *Roper v. Milbourn,* 93 Neb. 809.

. August 31, 1909, plaintiff entered into an optional contract to purchase from John Naslund at $19 an acre a ranch containing 1,614.37 acres of land in Deuel county, on the following terms: Fifty dollars upon the signing of the option; $5,950 upon the furnishing of abstract of title; $9,000 March 1, 1910, upon delivery of deed; remainder in five equal annual payments beginning March 1, 1911. The Union Pacific railroad crosses the land diagonally from the southeast to the northwest, the tract south and west of the railroad containing 970.73 acres worth from $30 to $35 an acre, and the other containing 643.64 acres worth from $10 to $15 an acre.

While the option was in force, September 13, 1909, defendant entered into a written contract to purchase from plaintiff for $29,121.90, payable in instalments, the tract south and west of the railroad, being 970.73 acres at $30

an acre, plaintiff agreeing to convey title and to deliver possession to the purchaser March 1, 1910. At that time plaintiff, relying solely upon his resale, was able and willing to convey title, after having demanded performance on part of defendant, but the latter made default, and plaintiff forfeited his option with Naslund, after having paid $1,000 in addition to the initial payment of $50. The evidence is uncontradicted that plaintiff could have complied with the terms of his option and with his agreement to convey the title to defendant except for the latter's breach of contract. The verdict in favor of plaintiff necessarily included a finding that defendant, when he agreed to buy the land, contemplated with plaintiff the profits of the resale, knowing the price at which Naslund had sold the land. This finding is supported by the overwhelming weight of the evidence.

Plaintiff insists that he failed to acquire title to the land; that he forfeited his payments of $1,050; that he lost the profits on a resale; and that the value of the tract north and east of the railroad is shown by undisputed evidence to be $12 an acre. He therefore estimates his damages as follows: Value of the unsold tract of 643.64 acres at $12 an acre, $7,723.68, less $1,551.13, the latter item being the difference between the price of 1,614.37 acres purchased for $19 an acre and the price of the tract of 970.73 acres resold for $30 an acre, $6,172.55; forfeited payments of $1,050; interest on both items from March 1, 1910, $2,371.39; total $9,593.94. On the contrary, defendant argues that plaintiff is bound by the verdict for $1,067.55, which includes only the forfeited payments and interest, because it is in harmony with an instruction to which there was no exception. The position of defendant is untenable, because the jury disregarded another instruction permitting a recovery for loss of profits. Defendant further argues that the verdict should not be set aside as inadequate, because the proofs show, as he asserts, that plaintiff was financially able to complete his purchase from Naslund, and thus prevent the damages for which he brought suit. This argument is based on certified checks

adduced by plaintiff to prove that he was prepared to pay the amount due Naslund. Plaintiff testified without contradiction, however, that he was only able to raise the funds represented by the checks on the faith and credit of his resale to defendant.

The verdict cannot be permitted to stand, but the amount of the loss of profits will not be determined on appeal, for the reason that the witnesses who testified to the value of the land north and east of the railroad varied in their estimates, which ranged from $10 to $15 an acre.

REVERSED AND REMANDED.

BARNES, FAWCETT and HAMER, JJ., not sitting.