R. C. ROPER, APPELLEE, v. A. L. MILBOURN, APPELLANT.

FILED JANUARY 15, 1917. No. 19851.

Appeal: LAW OF THE CASE. When on the review of a law action this court finds that the evidence in support of plaintiff's cause of action is overwhelming, but remands the case generally for a retrial because of errors in the record, and on a retrial substantially the same evidence, on the question formerly reviewed, is offered by the respective parties, it is not error for the trial court to direct the jury to find for the plaintiff on that issue.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. Affirmed.

H. M. Sinclair, W. A. Stewart and T. F. Hamer, for appellant.

W. D. Oldham, G. C. Gillan and R. C. Roper, contra.

MORRISSEY, C. J.

This is the third appeal from the district court for Dawson county. The first opinion is found in 93 Neb.

809, and the second in 98 Neb. 466. The facts are sufficiently stated in the former opinions. In the opinion in 98 Neb. 466, it was said that by the overwhelming weight of the evidence it was shown "that defendant, when he agreed to buy the land, contemplated with plaintiff the profits of the resale, knowing the price at which Naslund had sold the land." The verdict was set aside and the cause remanded. On motion being filed to modify the judgment, the following order was made: "The judgment does not determine questions of fact except for the purpose of the decision, reversal of the judgment being generally for a retrial of all questions of fact." On a retrial the court took all questions from the jury except the amount of recovery, and its action in this regard is the main issue presented.

Appellant insists that the jury ought to have been left to determine whether the parties at the time the contract was made had contemplated the profits of the resale, as well as the value of the land lying north of the track. This question was in fact tried out. Each party submitted substantially the same evidence as that offered on the former trial, and, so far as that issue is concerned, the record stands in the same condition as it did when this court said that the evidence was over-whelming in behalf of the plaintiff. After making a re-examination of the evidence, we find no reason for changing the former holding. It would serve no useful purpose to set out the testimony. The evidence being "overwhelming" on that branch of the case, a verdict for the defendant could not be permitted to stand.

"A trial court should not instruct a jury to return a verdict for either party where, under the evidence, there is any doubt about the propriety of such action; but where the duty to do so is plain it should be performed without hesitation." *U. P. Steam Baking Co. v. Omaha Street R. Co.,* 4 Neb. (Unof.) 396.

"On a former appeal from a judgment in favor of the plaintiff, the case was reversed on the ground that the

verdict was not sustained by the evidence. On a second trial of the case, the evidence offered by the plaintiff was substantially the same as on the first trial, the plaintiff failing to adduce any new material testimony. The trial court directed a verdict for the defendant. *Held,* no error." *Anderson v. Union Stock Yards Co.,* 84 Neb. 305.

"Where the evidence is insufficient to sustain a verdict in favor of plaintiff, it is error for the trial court to overrule a motion for a peremptory instruction in favor of defendant." *Ward v. Ætna Life Ins. Co.,* 91 Neb. 52.

The evidence on this trial being substantially the same as that on the former trial, and this court having previously held that under that evidence defendant's liability was conclusively shown, the trial court would not have been warranted in submitting that question to the jury. Under proper instruction the court submitted the only remaining question of fact to be determined.

The verdict of the jury is amply sustained by the evidence, and the judgment is

AFFIRMED.

HAMER, J., not sitting.