Honnold v. Valley County.

---

A. R. HONNOLD, APPELLEE, V. VALLEY COUNTY, APPELLANT.

FILED JULY 17, 1908. No. 15,540.

Tax Sale: REDEMPTION: INTEREST. One who purchases lots or lands at a state tax sale, for less than the amount of the decree against said property is entitled upon redemption from said sale to receive 6 per cent. interest on his bid if redemption is made within six months, and for every additional month over six, or for a fraction thereof, 1 per cent. in addition, plus all taxes and subsequent assessments paid by said purchaser, with the same rate of interest thereon.

APPEAL from the district court for Valley county: JAMES N. PAUL, JUDGE. Reversed.

H. E. Oleson, for appellant.

A. R. Honnold, pro se.

ROOT, C.

November 7, 1906, plaintiff purchased for $21 several lots in Arcadia at the treasurer's sale under a decree rendered in the state tax suit for 1905, in the county of Valley; he being the highest bidder therefor. May 9,

1907, the lot owners paid to the county treasurer the amount of said decree, with interest and costs of said suit, in all the sum of $116.76. A redemption certificate was issued to the owner, and the treasurer offered to pay plaintiff the sum of his bid, with interest thereon at 6 per cent., and no more, and the remainder of said redemption money was distributed among the various county funds. Plaintiff filed his claim with the county commissioners for all of said redemption money. The claim was disallowed, and he appealed to the district court. Defendant demurred generally. The demurrer was overruled. Defendant elected to stand on its demurrer, and judgment was rendered in favor of plaintiff for $94.50. Defendant appeals.

1. The parties address themselves to but one point, conceding that its decision should determine this case, and that is whether the purchaser at a sale under the scavenger act is entitled to all redemption money paid to redeem from said sale regardless of the amount of his bid. We are of opinion that the statute is reasonably plain in its provisions. We have summarized its features so many times that we shall not undertake to repeat much that has heretofore been said. Section 11165, Ann. St. 1907, directs the treasurer to issue his certificate of tax sale substantially in form as therein set forth, and that, whenever any parcel of land shall be sold for less than the sum of the taxes, as evidenced by the decree against said land, the treasurer shall insert in the certificate a statement that the owner thereof will hold his investment for 18 months subject to a premium bid. Section 11166 of said statute provides that within 18 months of said sale any person may file with the treasurer an offer in writing to pay the amount of such sale with 18 per cent. interest thereon, and, in addition, at least 10 per cent. of the original purchase price, and in like manner he may be overbid. At the end of 18 months the first purchaser has 5 days to decide whether he will pay 5 per cent. more than the highest bid offered by any other person, and, if he is

willing to do so, may deposit the excess between his first bid and his last one and retain his investment, but, if he fails to do so, the highest bidder, by paying in his offer with interest on the first bidder's deposit, receives a certificate, and the first purchaser is paid his money with 18 per cent, interest thereon. It is further provided in said section that "the offer of any premium on any sale shall be deemed to relate back to the date of sale, but upon redemption the holder of the second certificate shall be entitled to interest only upon the amount actually paid by him at the rate of 1 per cent. a month from the date of payment, which shall be noted on his certificate and upon the tax record." Section 11170 of said statute further provides for redemption from any sales made in said suit and before confirmation, and therein we find the following: "Provided, no redemption from premium sales shall be allowed for less than the amount of the decree, interest and costs and subsequent taxes paid." Section 11173 commands the county treasurer upon redemption to mail to the owner of the tax certificate notice of said redemption, and "redemption money in the hands of the treasurer shall be held subject to the order of the person owning the certificate of tax sale upon the property redeemed."

We are of opinion that the legislature intended by said act to divide the sales in the state tax suit into two classes, and that any purchase for less than the decree against a particular parcel of land should be designated a "premium sale." If it were the intention of the legislature to permit the bidder to receive all of the redemption money in every case, there would not have been any occasion to limit the premium bidder to interest on his payment from the date it is received by the treasurer. Sections 11166 and 11170 are more definite and specific upon the point considered in the instant case than is section 11173 thereof, and, in so far as there may seem to be any repugnancy between them, the former will prevail. *Richards v. County Commissioners*, 40 Neb. 45.

Two great objects are to be considered in construing revenue laws: First, to provide a public income; and, second, to secure individuals from extortion and plunder under a pretext of levying and collecting that revenue. 1 Cooley, Taxation (2d ed.), p. 452. To adopt the rule contended for by plaintiff would be to ignore the interest of the public and transfer its funds to speculators without in any manner aiding the property owner. The speculator in tax titles is not a favorite of the courts. He is a valuable element in the economy of taxation, and has existed in many climes and through long generations. Individuals look with equanimity upon his unprofitable ventures, and courts, as a rule, do no more than to see that he receives back his investment with the excessive interest allowed by law. Under the scavenger act the speculator is given many advantages. He purchases after an adjudication that disposes of all mere irregularities from assessment to said sale. The procedure for perfecting title is inexpensive, and a writ of possession may be awarded him upon confirmation. He is given 6 per cent. interest even if redemption is made the day succeeding the sale, and after six months 1 per cent. a month additional interest is allowed him. We do not believe that the legislature intended to do more for him. Disposing of the single point presented in the briefs of the litigants, we conclude that the learned district judge improperly construed the law, and we therefore recommend that the judgment of the district court be reversed and this cause be remanded for further proceedings not inconsistent with this opinion.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

                                    REVERSED.