STATE OF NEBRASKA v. SEVERAL PARCELS OF LAND. HERMAN ROSENTHAL, APPELLANT, v. SUSIE H. GILLILAN ET AL., APPELLEES.

FILED JUNE 11, 1909. No. 16,076.

1. **Tax Sale:** REDEMPTION. Where land is sold at public sale, in pursuance of a tax decree obtained under the provisions of that part of the revenue law commonly called the "Scavenger act," for a less amount than the decree, interest and costs, such sale is a "premium sale" within the meaning of the act, whether there be but one bid or more than one.

2. ———: ———. Under the provisions of the revenue law (Comp. St. 1907, ch. 77, art. IX), an owner who seeks to redeem land from a public tax sale, which has been sold in pursuance of a decree obtained thereunder for delinquent taxes, must pay the full amount of the decree, with interest as provided by law, and all costs.

3. ———: ———. Where the owner of land that has been sold at public sale under a tax decree in pursuance of the revenue law fails to redeem from such sale by the payment of the full amount of the decree, interest, and costs, the purchaser is entitled to a confirmation of the sale, whether there has been one bid or a plurality of bids.

4. ———: ———. A tender by the owner of land of the amount paid by the purchaser thereof at a public tax sale, which has been held in pursuance of a decree obtained under the provisions of the revenue act, together with interest, penalties, and costs, is not a compliance with the law, and does not entitle the owner to redemption of the tract so sold.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Herman Rosenthal, pro se.*

*Morning & Ledwith, contra.*

DEAN, J.

This case was commenced in the district court by the county treasurer of Lancaster county under the provisions of that part of chapter 77 of the revenue law commonly known as the "Scavenger act." In pursuance of the prayer of plaintiff's petition, judgment was rendered for $284.41 against three city lots which form the basis of this action, and which were sold at public sale by the treasurer, pursuant to the decree, to Herman Rosenthal for $44.02, he being the sole bidder. Upon application by the purchaser to have the treasurer's sale of the lots confirmed, the defendants, who were the owners of the property, filed objections to the confirmation, assigning numerous errors in the proceedings leading up to the sale, and among them, and upon which they mainly rely, the following: "Because the owners of said lots have offered to redeem from each and all of said pretended sales by tendering to the county treasurer   *   *   *   the full amount of said several sales, together with all taxes subsequently paid by the purchaser and lawful interest due said purchaser upon said sale and subsequent taxes, and also all costs, and said treasurer has refused to accept the same, and said owners have also tendered same to said purchaser, who has refused the same, and the said owners now offer to pay into court for said purchasers the full amount bid by the purchaser on each of said lots, with lawful interest, also all subsequent taxes paid and interest, and all costs of this proceeding lawfully collectible." Upon the hearing the objections were sustained, and, confirmation being denied, the plaintiff brings the cause here for review.

Numerous errors are assigned; but, as we view the record, it presents but one question for determination,

and that is whether the owner of land that is sold for the nonpayment of taxes under the provisions of the act referred to may redeem from the sale by paying to the purchaser the amount of the purchaser's bid and subsequent taxes paid by him, with interest provided by law, and costs, or whether, in order to redeem, he must pay the full amount of the decree, interest and costs. When we consider the mischief the law was intended to remedy, we conclude it was the legislative intent that the latter course should be pursued. This view is in harmony with former expressions of this court upon the same subject, and with the expressions of the courts of sister jurisdictions in the construction of statutes having substantially the same object in view. *Woodrough v. Douglas County,* 71 Neb. 358; *State v. Fink,* 74 Neb. 641; *Thomas v. Farmers Loan & Trust Co.,* 76 Neb. 568; *Wagner v. Underhill,* 71 Kan. 637; *Powers v. First Nat. Bank,* 15 N. Dak. 466; *Maxcy v. Simonson,* 130 Wis. 650; *Buchanan v. Griswold,* 37 Colo. 18; *Soper v. Espeset,* 63 Ia. 326; *Ambler v. Patterson,* 80 Neb. 570. With all its ingenuity and its resourcefulness, the legislature, it seems, has not robbed the taxing power of its proverbially unpopular features by the enactment of the law under consideration; but by that act it has to some extent equalized the public burden in providing a means whereby land that was before nonproductive of public revenue may now under its provisions be placed on a revenue producing basis.

The defendants contend that, as there was but one bid, and it was in a sum less than the decree, it cannot for that reason be denominated a "premium bid," nor can the sale be denominated a "premium sale" within the meaning of the law. From this premise they argue that the language of section 27, art. IX, ch. 77, Comp. St. 1907, which in part reads: "No redemption from premium sales shall be allowed for less than the amount of the decree, interest and costs and subsequent taxes paid," has no application to the case at bar, and insist that upon pay-

49

ment of the amount bid by the purchaser, with the interest that is provided by the revenue law upon the money so paid by him, and all costs and penalties provided by the statute, they are entitled to a redemption from the sale. This question has been before the court on at least two occasions, and the contention of the defendants is not in accord with our holding. In *Honnold v. Valley County*, 82 Neb. 221, in considering this point the following language is used: "Any purchase for less than the decree against a particular parcel of land should be designated a 'premium sale.'" In *State v. Fink*, 74 Neb. 641, the court say: "The term 'premium sale' as used in this act applies to such sales as are made for less than the amount of the decree." The objection of the defendants upon this point is technical, and we do not believe the language of the statute will bear the construction sought by them to be placed upon it. To hold otherwise than has heretofore been held by this court in the cases cited, and to give the meaning to the term "premium sale" contended for by the defendants, would be in part to nullify the application of the act to one of the prime purposes of its enactment, and would not only permit, but would tend to encourage, an indirect evasion of the payment of taxes lawfully imposed upon lands. To sustain the position of the defendants would be to invade the legislative province and in part destroy one of its purposes in the enactment of the law, and this we are in nowise disposed to do.

After a careful examination of the record, we conclude the learned trial court erred in refusing to confirm the sale. The judgment of the district court is therefore reversed and the cause remanded for further proceedings in accordance with law.

                                        REVERSED.