COMMERCIAL SAVINGS & LOAN ASSOCIATION ET AL., APPEL-
LANTS, V. PYRAMID REALTY COMPANY, CROSS-APPEL-
LANT: CHARLES B. McDONALD ET AL., APPELLEES.

FILED JULY 2, 1931. No. 27669.

494

A. H. *Murdock,* for appellants.

*Henry J. Beal, Dan J. Gross* and *H. C. Schoening,* for appellees.

*O'Sullivan & Southard* and *Arthur J. Whalen,* for Pyramid Realty Company.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This was an action in equity brought by the Commercial Savings & Loan Association and John McKiernan, plaintiffs and appellants, to redeem lot 10, block 3, Mahoney & Minnehan's First Addition to the city of Omaha, from a sale of the same pursuant to a special and independent action brought by the county for the foreclosure of the tax lien, not a tax certificate, held thereon by the county of Douglas in accordance with section 77-2039, Comp. St. 1929, and to enjoin the appellees, Charles B. McDonald, sheriff of Douglas county, Otto J. Bauman, county treasurer of Douglas county, Henry J. Beal, county attorney of Douglas county, and Robert Smith, clerk of the district court, from attempting to enforce the lien entered pur-

suant to a decree in the foreclosure proceedings brought by the county of Douglas foreclosing and selling said property for the taxes levied against it.

To the amended petition the Pyramid Realty Company demurred for the reason that said amended petition did not state facts sufficient to constitute a cause of action against said defendant, and the county of Douglas, for and on behalf of its officers named above, filed a demurrer upon the same ground.

The district judge overruled the demurrer of the Pyramid Realty Company, but sustained the joint demurrer filed for the Douglas county officers and dismissed the amended petition. Exceptions were duly entered to both rulings. The plaintiffs, as appellants, and also the Pyramid Realty Company, as defendant and cross-appellant, have each appealed.

The transcript consists only of the amended petition, the two demurrers filed thereto, the decree entered, the notice of appeal, the two supersedeas bonds, and the certificate of the clerk of the district court. However, three excellent briefs of 126 pages remove any doubt about the fact that the issues are sharply contested, and the county attorney of Douglas county, to impress the court with the gravity of the questions involved, sets out that 239 similar cases, involving more than 7,000 separate parcels of land, have been carried through by this method of foreclosure in the last four years, and that suits involving 600 parcels of land are now pending; that the amounts in money are large, for more than $400,000 in delinquent taxes have already been collected as a result of such actions in Douglas county alone, and more than a million dollars worth of real estate in that county will be affected by the decision in this case. For these reasons, all parties urge that a decision be rendered in this test case at an early date.

The amended petition states that John McKiernan is now occupying and has been the owner of the said lot

No. 10 since March 6, 1911, upon which date he and his wife gave a mortgage of $1,000 thereon to the said Commercial Savings & Loan Association, by which mortgage the owner agreed to pay all taxes; that payments were made by the borrower, leaving a balance of $674.13 due the said Commercial Savings & Loan Association on its loan.

The full amount of taxes, including paving, curbing and sewer assessments, with interest, due upon said lot to the county treasurer of Douglas county was $1,224.63, and neither the owner, who was primarily responsible, nor the said Commercial Savings & Loan Association as mortgagee, ever paid these delinquent taxes.

The board of county commissioners of Douglas county directed the county attorney to foreclose these long delinquent taxes. This action was prosecuted under the special form of tax foreclosure open only to counties when taxes are delinquent for more than three years after being offered for sale but not sold for want of bidders, as provided in section 77-2039, Comp. St. 1929.

As a result of such proceedings and in pursuance to the decree of foreclosure thereunder, said property was offered for sale upon June 4, 1929, and the highest bid was made thereon by the Pyramid Realty Company, crossappellant herein, for the sum of $81. The sheriff made due return thereof, but said sale could not come up for confirmation before June 4, 1931, under said statute, which provides for a stay of two years from the date of the sale, during which time the owner of the fee or any person having a legal interest therein may redeem by paying, not the amount of the bid, but the full amount of taxes, interest and costs due the county.

Upon December 24, 1929, the plaintiff, Commercial Savings & Loan Association, tendered to the clerk of the district court the amount of said bid of $81 with costs and 10 per cent. interest, amounting in all to the sum of $115, which tender and offer were refused, and two days later

made the same tender to the said Pyramid Realty Company, which tender was also refused. Suit was brought in the district court and upon April 26, 1930, the amended petition was filed.

The plaintiffs allege that section 77-2039, Comp. St. 1929, is unconstitutional and void, and pray that an accounting be had and the tender of the $115 be accepted and the title to said lot 10 quieted and confirmed in said plaintiffs.

1. It is impossible to set out any considerable part of the claims made by the parties in their briefs, but we will very briefly set out a summary of the principal contentions.

In 1903 the legislature passed a general revenue act, known as chapter 73, Laws 1903. That entire act, covering some 90 pages, containing 242 sections, was a new and comprehensive measure dealing with all phases of assessment, levy, payment and collection of taxes, various methods of sale for delinquent taxes, tax certificates, tax deeds, and tax foreclosures. Section 231 of that act was later known as section 6559, Rev. St. 1913.

Appellees insist that they have been unable to find any decision involving a foreclosure under this section during the time it remained upon the statute books or thereafter. This section was repealed in 1919 by the enactment of chapter 59, Laws 1919, later known as section 6087, Comp. St. 1922, which act has now become section 77-2039, Comp. St. 1929. The appellants attack the constitutionality of this act for the reason that it did not contain the sections amended and repealed; that no bill can contain more than one subject, which must be clearly expressed in the title, and that by implication it amended several other sections of our statutes. They further charge that it also violates all of section 3, art. VIII of the Constitution, reading: "The right of redemption from all sales of real estate for the nonpayment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less

than two years from such sales thereof: Provided, that occupants shall, in all cases, be served with personal notice before the time of redemption expires." And, lastly, that it also violates that part of the third section of our Bill of Rights, which declares that no person shall be deprived of his property without due process of law. Plaintiffs cite many Nebraska cases, some of which will be discussed in this opinion.

It has been held in this state that, if the entire purpose and aim of a certain law is invalid and void, such law is as though it had never been passed. *State v. Several Parcels of Land,* 78 Neb. 703. But we find many states have held that, if only a certain section or part of a section is void, such portion may be amended or a new section substituted, provided the purpose of the act is not outside its title.

In *State v. Insurance Co. of North America,* 71 Neb. 320, it is said: "Ordinarily, a statute repugnant in some of its features to some constitutional provision will yield only to the extent of the repugnancy and no further. Where the act eliminating the unconstitutional feature is complete in all respects, and capable of enforcement, it will be held valid and enforceable, except where the invalid portion was manifestly an inducement to the passage of the remainder."

In the opinion in *Lynch v. Murphy,* 119 Mo. 163, we find this language: "Another contention is that section 7, * * * being unconstitutional and void, it was not subject to amendment. This contention we also think untenable. There is a marked difference in regard to the amendment of an act which is void in its entirety and one that is only void in part, or when one section of an act is in conflict with the Constitution of the state and the remaining sections are in harmony therewith. When the entire act is void, there is nothing to amend, while it is otherwise when there is only one section, or a part of one section, sought to be amended, as in the case at bar. In the latter

case the amendment may be made to any part of the section, or by substituting an entire new section in lieu thereof, provided the act, when amended, does not embrace a purpose outside of its title, and inconsistent with the provisions remaining unrepealed."

Unless we are satisfied beyond a reasonable doubt that the law is unconstitutional, it is our duty to uphold it; and in this case there does not exist in our minds any such doubt.

Some of our courts have even gone so far as to say: "A statute so framed as to be wholly or in part unconstitutional, but having a title expressing a constitutional object may, by amendatory legislation, be rendered constitutional, without having recourse to an enactment independent throughout its provisions." *State v. Corker,* 67 N. J. Law, 596, 60 L. R. A. 564. To the same effect are *State v. Cincinnati,* 52 Ohio St. 419; *In re Groff,* 21 Neb. 647.

2. The first objection made to the present act by appellants is that the act does not contain a copy of the sections of the old act which is amended.

Section 6087, Comp. St. 1922, now section 77-2039, Comp. St. 1929, was an act complete in itself and did not amend any section of the statutes other than section 6559, Rev. St. 1913, which was contained therein and repealed. It, therefore, does not come within the inhibition of the constitutional provision that "No law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed." *Minier v. Burt County,* 95 Neb. 473; *State v. Moore,* 48 Neb. 870. This question is discussed in *State v. Moore, supra:* "It is only where an act of the legislature is incomplete in itself, but manifestly amendatory of some existing statute to which it does not refer, that it is within the inhibition of the constitutional provision that 'No law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed.' Const. art. III, sec. 14. If

the act is complete in itself it does not violate said provision."

This act, section 77-2039, Comp. St. 1929, provides the only complete, independent method for the foreclosure of delinquent tax liens by a county in case no administrative sale has been had prior thereto. Foreclosure of tax certificates purchased by counties or by individuals are conducted under sections 77-2041 to 77-2047, Comp St. 1929, and should not be confused in any way with the procedure now under discussion. This bill did not purport to be an amendment of former sections, but enacts entirely new legislation upon the same subject-matter. It is complete within itself and does not violate the provision of the Constitution requiring the sections amended to be set out. *State v. Cox,* 105 Neb. 75.

In regard to the necessity of obtaining personal service under section quoted above from our Constitution, it is our opinion that this section does not apply to judicial sales like the case at bar, but only to purchasers at administrative sales, and is only a condition precedent when a tax deed is being sought.

In *Van Etten v. Medland,* 53 Neb. 569, we find in the text of the opinion reference to the provision of our Constitution requiring personal service: "The foregoing provision has been frequently under consideration by this court, and it has been uniformly ruled that the redemption notice is essential only where a tax deed is sought, and that service of such notice is unnecessary to maintain an action to enforce a tax lien."

Those interested will find a most exhaustive article of 85 pages upon the subject of partial invalidity of statutes, discussed under 39 subject-headings and citing the authorities from each state, in. Ann. Cas. 1916D, 9. This article states the general rule to be that a statute may be valid in one part and invalid in another, and if the invalid part is severable from the remainder the portion which is valid may stand.

The section of an act properly amended should be construed precisely as though it had been enacted in its amended form. *State v. Hevelone,* 92 Neb. 748. Ordinarily, courts will refuse to construe a statute when construction is not necessarily involved in the case. *Dawson County Irrigation Co. v. McMullen,* 120 Neb. 245; *Melton & Tanner v. State,* 160 Tenn. 273.

3, 4. The appellants insist that under section 3, art. VIII of the Constitution, they have a right of redemption for two years, with notice before that time expires. As their amended petition was filed before two years had expired after the sale conducted by the county, there was ample time for such notice to be given. The law itself provides for a stay of two years after sale. The two-year period reserved in our Constitution has been running while this case has been pending. It is clearly two years granted to appellants, that is, to the owner and mortgagee, after the judicial sale, and after confirmation there will not be an additional two years more. *Parsons v. Prudential Real Estate Co.,* 86 Neb. 271; *Selby v. Pueppka,* 73 Neb. 179.

The question of notice is not new in tax foreclosure cases appealed to this court. "To constitute due process of law it is not necessary that notice be given of each step in the process of taxation. It is sufficient if the taxpayer has an opportunity to appear, at some time, before a tribunal having jurisdiction, and there procure an adjustment of his liabilities." *State v. Several Parcels of Land,* 83 Neb. 13. See notes, L. R. A. 1916E, 1.

While the case of *City of Beatrice v. Wright,* 72 Neb. 689, was directed to another section of our law providing for an administrative sale by the county of property which had taxes delinquent for five years (Laws 1903, ch. 76), yet it is somewhat in point, for Chief Justice Holcomb states clearly: "The fact that no notice of sale is required other than that contained in the act itself does not render it void as taking property without due process of law."

5. This section 77-2039, Comp. St. 1929, is a necessary

law to force the payment of necessary taxes to run our government. It clearly provides that the tender made by an owner or mortgagee during the two years' stay given them after the sale at foreclosure must be a tender to the clerk of the district court of the total amount of taxes due thereon, with interest at 10 per cent., and a share of the costs. Such a provision is just and equitable, and if the plaintiff had paid that amount into court, the Pyramid Realty Company would not have received the $1,224.63, but would only have received its $81 with 10 per cent. interest; but, if no effort had been made to redeem during the two years by either plaintiff, then the bidder would have received a deed to the lot 10 and its title would have been freed from the burden of taxes. It is not equitable or just for the owner to expect to come into court and be allowed to redeem under the provisions of a different kind of foreclosure action, and by paying the amount bid to avoid payment of his just burden of taxes for all these years.

In the case of *State v. Several Parcels of Land,* 84 Neb. 719, in which the owner attempted to redeem from a sale under the so-called "Scavenger Act" by paying the amount of the bid with interest and costs, rather than by paying the full amount of taxes, interest and costs, the syllabus states: "An owner who seeks to redeem land from a public tax sale, which has been sold in pursuance of a decree obtained thereunder for delinquent taxes, must pay the full amount of the decree, with interest as provided by law, and all costs."

In this case the owner of this lot 10 failed to pay taxes for many years. He had mortgaged the property for $1,000, and while he made payments upon his mortgage to the Commercial Savings & Loan Association, neither he nor the mortgagee paid any taxes of any kind due upon this property during all these years until the taxes thereon amounted to $1,224.63, and his offer to pay but $115 to cancel all these taxes is not fair in equity. The county

commissioners ordered the county attorney of Douglas county to foreclose the lien of taxes on this lot for the reason, as stated in the argument, that when taxes are but one or two years in default they would usually be purchased at the public sale of delinquent taxes held upon the first Monday in November of each year, but when taxes are in default for many years, as these were, then no purchaser can be found; and this special foreclosure act, section 77-2039, Comp. St. 1929, was passed by the legislature for the express purpose of providing a simple method by which a county could bring a foreclosure in a form that would insure bidders at the sale, and after a stay of two years the sale will be confirmed and a sheriff's deed given to the purchaser. This court finds that the method pursued in this case by the officials of Douglas county was the proper method under the law for meeting the situation as it existed, and was the proper method provided by law for attempting the collection of the taxes due against this lot 10. The district judge was right in sustaining the demurrer filed by the Douglas county officers, and his action therein is approved.

In considering the demurrer filed by the Pyramid Realty Company, this court believes that under the law the district judge was wrong, and that this demurrer should also have been sustained, and as no amendment can be made by appellants to bring the allegations within the decision as herein announced, their amended petition should be dismissed and costs taxed to appellants. Affirmed in part, reversed in part, and action dismissed.

AFFIRMED IN PART, AND
REVERSED IN PART, AND
DISMISSED.