THOMAS W. MOFFITT V. GERTRUDE D. REED ET AL., APPELLEES: MARY E. REED, APPELLANT.

FILED NOVEMBER 12, 1936. No. 29890.

*T. R. P. Stocker*, for appellant.

*C. A. Sorensen, Homer L. Kyle* and *Walton B. Roberts*, Guardian *ad litem*, for appellees.

*William Niklaus,* for Gertrude D. Reed.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This was originally an action for the foreclosure of a tax lien brought by Moffitt against both Gertrude D. Reed, the owner of the life estate, and the remaindermen who are appellees here. The appellant here, Mary E. Reed, a sister of Gertrude D. Reed, was the purchaser at the foreclosure sale. Upon the former appeal the judgment confirming the sale was affirmed, but leave to redeem within a given period was granted the remaindermen. Subsequent to the issuance of the mandate, this court made a supplemental order which allowed three of the remaindermen a certain time to redeem "the respective interests of all parties herein," including the interests of Victor Reed Rasmussen, a minor remainderman, and Gertrude D. Reed.

Gertrude D. Reed acquired the life estate, by purchase at execution sale, from the father of the remaindermen. As the owner of the life estate, she was charged with the duty of paying taxes against the land. The taxes were not paid, and, as a result of her default, the property was sold in a foreclosure of the tax lien, which had the effect of cutting off the interest of the remaindermen and terminating the life estate. The trial court entered judgment upon the mandate, permitting an assignee as trustee for the three adult remaindermen to redeem by paying into court the amount of the judgment, together with all interest and costs, and in addition an amount equal to 12 per cent. per annum as interest on the amount of the purchase price paid by Mary E. Reed.

Mary E. Reed, subsequent to her bid and pending an appeal from a confirmation of the sale, paid certain taxes on the land. It is her complaint here as appellant that the tender by the defendants for redemption was not sufficient to cover these taxes. However, it appears that, during the pendency of this case, a receiver had been appointed by the

district court to collect the rents and profits, and that the trial court entered an order finding that Mary E. Reed was entitled to be reimbursed for the amount she had paid in subsequent taxes, and ordered the amount paid to her out of the money paid into court by the receiver as rents and profits from the property.

It appears that the purchaser, Mary E. Reed, received back not only the purchase price and 12 per cent. interest per annum from date of sale until redemption, but in addition thereto the amount she voluntarily paid for subsequent taxes. She was never in possession of the premises and never was entitled to rents and profits when an interested party redeemed. Redemption may be made from the sale of property at a tax foreclosure sale upon the payment to the purchaser of the amount of his bid, with 12 per cent. interest per annum to the time of such redemption, together with the amount of subsequent taxes paid by defendant, with interest thereon at the statutory rate of interest on such taxes. *Butler v. Libe,* 81 Neb. 740, 116 N. W. 663; *Mummert v. Grant,* 118 Neb. 651, 225 N. W. 773; *Lincoln Savings & Loan Ass'n v. Anderson,* 115 Neb. 199, 212 N. W. 210. Mary E. Reed was paid this amount. A purchaser at a tax foreclosure sale from which there is a redemption is not entitled to the rents and profits from the land pending appeal, to the date of redemption. Therefore, appellant Mary E. Reed could not complain even if it were true that the payment of subsequent taxes was erroneously ordered paid from the rents and profits by the receiver. The remaindermen were not in possession of the land and were entitled to have the taxes paid from the rents and profits. It was the duty of the owner of the life estate to pay the taxes. There is no point to an extended analysis of the adroit but untenable argument of the appellant on this question.

The right of Homer Kyle to redeem for the remaindermen is questioned. The adult remaindermen assigned the right to redeem. It appears from the record that Homer Kyle redeemed for the three remaindermen as trustee for them and

borrowed the money for such redemption upon the security of the interest in the land. Under the circumstances of this case, the question as to the right of an assignee to redeem in his own right is not pertinent.

Gertrude D. Reed has filed a brief in this court as an appellant, objecting to the redemption. It is not demonstrated, however, what, if any, interest she may have in this litigation at this time. But it is remembered that she was the owner of the life estate and that her failure to pay the taxes precipitated this lawsuit. She has not asked nor been given leave to redeem. By the decree of the district court she has been awarded the balance collected by the receiver after paying the amount of subsequent taxes paid by Mary E. Reed. She has neglected for approximately twelve years to pay the taxes which she was required to pay on this land. There is no equity in her claim that she is now entitled to the possession of this property. The right of Gertrude D. Reed to appear in this court as an appellant is challenged by the remaindermen. Definitely, she has no interest in the property, and her contentions are without merit. We must assume that she has only a sisterly interest in the appeal of Mary E. Reed.

We have referred to the redemption by three remaindermen, omitting the names because of the length and awkwardness of expression. There is, however, a fourth remainderman, a minor, Victor Reed Rasmussen. The order of the district court permitted the three remaindermen to redeem against the interest of this minor. The guardian *ad litem* for the minor has appeared in this court. The trial court entered the judgment on the mandate strictly according to its terms. However, it now appears that the three remaindermen made a redemption through Homer Kyle, their trustee, by pledging as security their interest in the property, and that they did not advance any money themselves. In this view of the circumstances, it was unjust to cut off the interest of the minor remainderman, and the decree of the lower court is modified to the extent that Homer Kyle is held to be the trustee for the minor Victor

Reed Rasmussen as well as the other remaindermen, and that the interest of the minor Victor Reed Rasmussen is hereby charged with a proportionate share of the cost of redemption. The guardian *ad litem* is allowed a fee of $50 to be taxed as part of the costs.

As so modified, the judgment of the trial court is affirmed.

AFFIRMED AS MODIFIED.