LINCOLN COUNTY ET AL., APPELLANTS, V. WILLIAM E. SHUMAN ET AL., APPELLEES.

292 N. W. 30

FILED MAY 3, 1940.   No. 30940.

*S. S. Diedrichs, George B. Dent, Jr.,* and *Lowell C. Davis,* for appellants.

*Bert L. Overcash, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

This case appears in this court on stipulation as a case stated, and for the purpose of this appeal may be summarized briefly as follows:

This is an action brought by the county of Lincoln to foreclose a certain tax sale certificate, covering delinquent real estate taxes and special assessments upon a vacant lot in the city of North Platte, owned by defendant Shuman. A decree of foreclosure was entered, the real estate duly and legally advertised and sold by the sheriff to Harvey L. Clarke, and sale confirmed, subject to the right of the owners, defendants Shuman, to redeem within two years from the date of said confirmation. Thereafter, defendants Shuman filed application to redeem and tendered to the clerk of the court the amount for which the real estate was sold at the foreclosure sale, together with interest at 12 per cent. from the date of sale, and costs of suit. The plaintiffs filed objections to defendants' application to redeem, which objections were overruled. On December 11, 1939, the court granted the defendants' application and entered an order permitting defendants to redeem for the amount tendered. From this order an appeal was taken to this court by the county of Lincoln and Harvey L. Clarke, the purchaser. This presents the only question to be determined on appeal, stated as follows:

In a suit to foreclose a tax certificate under sections 77-2040 and 77-2041, Comp. St. 1929, does the property owner have a right to, and is he legally entitled to, redeem the real estate from tax sale foreclosure by decree, by paying the amount bid and paid at the tax sale thereof by the purchaser, with interest on said amount at 12 per cent. from the date of sale to the date of redemption, or must the defendants, in order to effect redemption, pay the full amount of the decree of foreclosure, with interest thereon as set forth in the decree, and the costs of the action, together with interest at 12 per cent. on the amount paid by the purchaser in the tax foreclosure sale?

The appellants contend that the court erred in overrul-

ing the objections of the county of Lincoln and Harvey L. Clarke, the purchaser, to the application of defendants, William E. Shuman and Florence Shuman, his wife, to redeem, and in sustaining the application, permitting the defendants to redeem upon payment of the amount for which such land was sold at said tax foreclosure sale, with interest and costs.

This action was brought under section 77-2041, Comp. St. 1929. Said section must be read in conjunction with section 77-2040, Comp. St. 1929. The latter section provides in part: "Whenever the county board of any county * * * shall have purchased any real estate for delinquent taxes of any kind, or become the owner by assignment of any tax sale certificate * * * such county * * * shall be deemed to be the * * * owner of * * * liens for taxes of the state, county, city, village * * * and may instead of demanding a deed therefor * * * or in case a deed shall have been issued by surrendering the same in court, proceed by suit in equity in the district court of the county in which such land is situated to foreclose such lien, and cause such real estate to be sold for the satisfaction thereof and all prior or subsequent tax liens thereon, in all respects as far as practicable in the same manner and with like effect as is provided for the foreclosure of real estate mortgages."

Section 77-2041, Comp. St. 1929, provides in part: "Such action for the foreclosure of such tax sale certificate may be brought by any county, city, * * * immediately after the purchase thereof, or where such taxes have been heretofore purchased, may be brought immediately after the passage and approval of this act, or at any time thereafter, except as above provided, and when brought before the time for redemption for such tax sale has expired, the owner of the lands described in such tax sale certificate, or any person having a lien thereon, or interest therein, may redeem the same at any time within two years from the date of sale under such foreclosure proceedings by paying to the clerk of the district court, for the use of the purchaser at such foreclosure sale, his heirs or assigns, the amount for which

such land sold at such foreclosure sale, with interest thereon at the rate of twelve per cent. *per annum* from the date of such purchase at such foreclosure sale to the date of redemption, and the cost of suit."

The appellants cite the case of *City of Plattsmouth v. Hazzard*, 132 Neb. 284, 271 N. W. 801, as controlling in tax foreclosure proceedings, and suggest that, under the rule of *stare decisis*, the doctrine of redemption announced in such case should be adhered to and control in the case at bar, especially where, as here, property rights would be greatly affected by departure therefrom.

In the above case the city of Plattsmouth foreclosed tax liens on real estate owned by a savings and loan association. At the sale the city bid less than the decree, and the defendant was permitted to redeem by paying the amount of the bid. The contention was that the court erred in permitting the defendant to redeem for the amount of the bid which was less than the decree for taxes. This court held: "The redemption from a tax lien foreclosure by the city under section 77-2039, Comp. St. 1929, cannot be made by paying the amount of the bid, but may be made only by paying the full amount of the taxes due with interest."

Section 77-2039, referred to above, was passed in 1903, and until 1919 contained redemption provisions as follows: "In case of the foreclosure of said lien and sale thereunder, the owner of any tract or lot of land so sold, shall have the right to redeem the same from such sale within two years from the date thereof by paying the amount for which sold with interest and costs to the date of redemption." Laws 1903, ch. 73, sec. 231. We cite the foregoing section for the importance that may be attached thereto in recognition of property laws here involved. Such section of the statute, so far as redemption is concerned, now requires the payment of the full amount of the decree, with interest to date of redemption, costs of suit and 12 per cent. interest on the money actually paid by the purchaser on his bid. This section provides the only complete, independent method for the foreclosure of delinquent tax liens by a county, in case no

administrative sale has been had prior thereto. See *Commercial Savings & Loan Ass'n v. Pyramid Realty Co.*, 121 Neb. 493, 237 N. W. 575. In that case this language was used (p. 500) : "Foreclosures of tax certificates purchased by counties or by individuals are conducted under sections 77-2041 to 77-2047, Comp. St. 1929, and should not be confused in any way with the procedure now under discussion." The foregoing case was cited in *City of Plattsmouth v. Hazzard, supra.* The contention of the appellants is that section 77-2039, Comp. St. 1929, refers to tax liens by a county, and no other governmental subdivision or private individual may proceed thereunder, and that the tax sale certificate foreclosed in the instant case is exclusively within the provisions of sections 77-2040 and 77-2041, *supra.*

The motion for rehearing in *City of Plattsmouth v. Hazzard, supra,* is asked to be considered, wherein attention is called to the fact that section 77-2039, Comp. St. 1929, applies only to foreclosure of delinquent tax liens by a county, and that the city of Plattsmouth could not, under any circumstances, have instituted its foreclosure under this section, and the only procedure available to the city or governmental subdivision, other than the county, for foreclosure of a tax lien acquired by it is by virtue of sections 77-2040 and 77-2041, *supra.* Therefore, appellants contend, *City of Plattsmouth v. Hazzard, supra,* is either authority for their contention in the case at bar, or it is wrong and should be overruled, so that a clear and definite rule of property may be adopted and the doctrine of *stare decisis* is applicable, to insure uniformity, certainty and stability in the law.

The instant case was properly brought under sections 77-2040 and 77-2041, Comp. St. 1929, and was brought by the county and not by the city. It is our duty to construe and interpret the statute now before us. The most that can be said with reference to the case of *City of Plattsmouth v. Hazzard, supra,* is that the court may have applied the wrong statute, but did properly interpret the provisions of the statute (section 77-2039) appearing in the opinion.

We now address our attention to section 4, art. VIII of

the Constitution, which reads: "The legislature shall have no power to release or discharge any county, city, township, town or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation, nor shall commutation for such taxes be authorized in any form whatever."

The contention of appellants is that section 4, art. VIII of the Constitution, is cited in the case of *City of Plattsmouth v. Hazzard, supra,* in support of the interpretation of section 77-2039, Comp. St. 1929, and if the redemption as required by section 77-2039 is supported by the constitutional provision, obviously sections 77-2040 and 77-2041 are governed thereby; and it is conclusive that the constitutional provision invalidates sections 77-2040 and 77-2041, in so far as redemption is concerned, and prohibits the redemption as contained therein.

While sections 77-2040 and 77-2041, Comp. St. 1929, with the redemption provisions as contained therein, have not been tested with reference to the constitutional provision above referred to, statutes comparable to such sections, containing redemption provisions similar thereto, have been so tested. We refer to certain sections of the statute under the scavenger act containing redemption provisions.

The term "redemption," in a literal sense, means the act of buying back or repurchasing. Webster's New International Dictionary (2d ed.). Section 77-2121, Comp. St. 1929, provides for the sale of real estate for tax purposes under that procedure for less than the amount of the decree and provides for the distribution of proceeds on a *pro rata* basis. Section 77-2123, Comp. St. 1929, also makes provision for the sale of real estate for less than the amount of the decree. Section 77-2127, Comp. St. 1929, contains certain provisions for tax redemption by the property owner under various contingencies. The redemption provision in the latter section is similar to the one found in section 77-2040, *supra.*

In *Woodrough v. Douglas County,* 71 Neb. 354, 98 N. W.

1092, suit was brought to enjoin the county treasurer under the scavenger act. It was alleged that this act was unconstitutional, and the constitutional provision against commutation of taxes (Const. art. VIII, sec. 4) was urged as a ground for invalidating the act. We quote from the opinion as follows (p. 361) : "The sale of land to satisfy a tax lien thereon is an extinguishment of the lien, which becomes merged in the title thus conveyed. Therefore it is not a release or commutation. * * * An extinguishment is a discharge by operation of law; a release is a voluntary relinquishment of a lien and right of action or an obligation. * * * The judicial sale of property under a decree of foreclosure, for what it will bring, although it be less than the amount of the taxes assessed and delinquent against it, cannot be said to be a commutation of taxes within the meaning of the Constitution."

In the case of *Marker v. Scotts Bluff County,* 137 Neb. 360, 289 N. W. 534, which involved an interpretation of section 77-2129 of the scavenger act, and its construction, the argument was made that said section was violative of section 4, art. VIII of the Constitution. This court said: "There is a distinction, however, between the release of taxes as such, and the extinguishment of the lien of a decree, into which they have been merged, by judicial sale proceedings. * * * And so, where taxes have been merged into a decree, and a public sale has been held, provisions may validly be made by the legislature for a redemption and a satisfaction of the decree, which could not be made if they were applied directly to the taxes themselves."

The provision of the Constitution herein cited appeared first in the Constitution of 1875, and has so remained until the present time without change in language. Our present tax foreclosure statutes date from the year 1903, when a complete revision of our revenue laws was made. From our analysis, redemption, as contained in section 77-2041, Comp. St. 1929, is constitutional and not a violation of property law.

In the case of *Moffitt v. Reed,* 124 Neb. 410, 246 N. W.

853, appearing also in 131 Neb. 696, 269 N. W. 621, this court held (131 Neb. 696) : "Redemption may be made from the sale of property at a tax foreclosure sale upon the payment to the purchaser of the amount of his bid, with 12 per cent. interest per annum .to the time of such redemption, together with the amount of subsequent taxes paid by defendant, with interest thereon at the statutory rate of interest on such taxes." The above case sustains the conception of redemption as contained in section 77-2041, *supra*.

Section 77-2039, Comp. St. 1929, provides an independent means of foreclosing a tax lien without a tax certificate. This section specifically provides that, in order to redeem, the owner must at all times pay to the clerk of the court the amount of the taxes found due thereon, the amount of subsequent taxes paid by the purchaser and interest thereon, together with court costs. It will be observed that this section of the statute is quite different from section 77-2041, *supra*, with reference to tax sale certificate foreclosure. Accordingly, if any county has a preference as to which redemption provisions would be the best to follow, it can, in advance, determine which statutory procedure will be followed in tax matters. Thus, if a county has any objection to the redemption provision of section 77-2041, it can proceed under section 77-2039.

It is pointed out in appellees' brief, with reference to property law, the existence of section 20-1530, Comp. St. 1929, originally enacted in 1875, and not amended. Said section reads: "The owners of any real estate against which a decree of foreclosure has been rendered in any court of record, or any real estate levied upon to satisfy any judgment or decree of any kind, may redeem the same from the lien of such decree or levy at any time before the sale of the same shall be confirmed by a court of competent jurisdiction by paying into court the amount of such decree or judgment, together with interest and costs; and in case the said real estate has been sold to any person not a party plaintiff to the suit, the person so redeeming the same shall pay to said purchaser twelve per cent. interest on the amount of

the purchase price from the date of the sale to the date of redemption, or deposit the same with the clerk of the court where the decree or judgment was rendered."

The above section is, in many respects, analogous to section 77-2047, Comp. St. 1929, with respect to redemption, and affirmative of the redemption provision as contained in section 77-2041, *supra*. Section 20-1530, *supra,* has been on the statute books, without change, from and since the existence of section 4, art. VIII of the Constitution, and during this period of time such statute involving redemption, as herein set out, has not been held to be violative of the constitutional provision, which indicates clearly the status of the property law here involved.

We hold that the trial court did not err in accepting the amount tendered by the defendants and in permitting defendants to redeem the real estate, under the circumstances as here presented.

AFFIRMED.